UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KAREEN ANDERSON,<br><br>Petitioner,<br><br>vs.<br><br>FPC YANKTON, WILLIAM ODONEL, WARDEN; KORTAN, CASE MANAGER; AND A. DENTON, ASSISTANT WARDEN;<br><br>Respondents. | 4:23-CV-04136-ECS<br><br>OPINION AND ORDER DISMISSING § 2241 PETITION FOR LACK OF JURISDICTION |

Kareen Anderson petitioned pro se for a writ of habeas corpus under 28 U.S.C. § 2241. When he petitioned, he was incarcerated at the Federal Prison Camp in Yankton, South Dakota ("FPC Yankton"). Since petitioning, Anderson has been released from Bureau of Prisons' ("BOP") custody and began supervised release in the District of Nevada. Because this Court lacks jurisdiction over Anderson's current custodian, his petition is dismissed without prejudice.

## I. Background

On February 5, 2020, the United States District Court for the District of Nevada sentenced Anderson to 121 months' imprisonment followed by five years of supervised release for conspiring to distribute a controlled substance. Docket No. 295 in 2:16-cr-00305.[1] In September 2023, while serving his sentence at FPC Yankton, Anderson filed his § 2241 petition.

[1] Documents from Anderson's District of Nevada case, United States v. Kareen Anderson, 2:16-cr-00305-KJD-VCF, are cited as "Docket No. # in 2:16-CR-00305."

Docs. 1, 4. The Respondents moved to dismiss Anderson's petition for lack of subject-matter jurisdiction and failure to state a claim. Doc. 14.

Anderson's petition was referred to a magistrate judge under 28 U.S.C. § 636(b)(1)(B) and District of South Dakota Civil Local Rule of Practice 72.1.A.2(b). In December 2023, the magistrate judge issued a Report and Recommendation (R&R) recommending this Court dismiss Anderson's petition. Doc. 21. Anderson filed timely objections to the R&R. Doc. 22. His case was then transferred to the undersigned on June 11, 2024, one month after he was released from BOP custody. Doc. 28.

The magistrate judge viewed "Anderson's challenge to the BOP['s] calculation" of earned time credits under the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3632, as an adjudicative decision not subject to judicial review. Doc. 21 at 12. But this Court reads his petition differently. See Doc. 29 at 3–4. The Court finds Anderson's petition challenges the BOP's regulations implementing the FSA, which is not an adjudicative decision escaping judicial review. Id. at 3–4, 7 n.2. Anderson's release from FPC Yankton, however, raised justiciability concerns. Id. at 4–9. So before addressing the merits of Anderson's petition, this Court ordered the parties to supplement the record and submit briefing regarding this Court's continued jurisdiction. Id.

The Court has received a brief from Respondents, but not Anderson. See Doc. 32. On January 3, 2025, four days after the court-imposed deadline to file supplemental briefs, Anderson made an e-filing registration request through Pacer.[2] Doc. 35. This Court granted his request

[2] Early in his case, Anderson was notified of his obligation to keep this Court apprised of any change in address. Doc. 3 ("The plaintiff must keep the Court informed if the plaintiff's address changes. If the Court is not kept informed and multiple items are returned as undelivered, the plaintiff's case may be dismissed without prejudice for failure to prosecute."). That said, Anderson did not provide a change of address following his release from BOP custody. See

that same day. Doc. 36. Still, no response has been filed. Even so, given Respondents' brief and supplemental declarations, Docs. 32–34, this Court has enough information to determine that it lacks jurisdiction over Anderson's petition.

## II. Discussion

### A. Jurisdiction

Whether this Court has jurisdiction over Anderson's petition can be reduced to two questions: (1) who is the proper respondent to his petition, and (2) does this Court have jurisdiction over that respondent?

"[T]he proper respondent to a [§ 2241] petition is 'the person who has custody over [the petitioner].'" Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (last alteration in original) (quoting 28 U.S.C. § 2242). When a habeas petitioner is detained and challenges their "present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." Id. at 435 (collecting cases). But when a habeas petitioner "challenges a form of 'custody' other than present physical confinement," the proper respondent is the "entity or person who exercises legal control with respect to the challenged 'custody.'" Id. at 438. Thus, when the custody being challenged is supervised release, like it is here, the proper custodian is the "probation officer in the office of the United States Probation Services for the district in which the petitioner resides." Chaner v. United States, No. 22-CV-01140, 2022 U.S. Dist. LEXIS 166704, at *2 (W.D. Tenn. Sept. 15, 2022); 18 U.S.C. § 3624(e) ("A prisoner whose sentence includes a term of supervised release after imprisonment shall be released . . . to the supervision of a probation officer . . . ."); United States v. Dohrmann, 36 F. App'x 879, 881

---

Doc. 29 at 9 n.3. His failure likely caused him to receive the order later than he otherwise would have. See Docs. 29, 30, 31. Despite the delay, Anderson did not request more time to file a brief, and the deadline to do so has long passed.

(9th Cir. 2002) ("Because [petitioner] was on supervised release when he filed his motion, the relevant custodian is his supervised release administrator.").

As stated earlier, Anderson petitioned while he was incarcerated at FPC Yankton. See Docs. 1, 4. At that time, his petition sought immediate release from BOP custody. See Doc. 4 at 8. Because his petition challenged his present physical confinement, he properly named his custodian, William O'Donnell, FPC Yankton's Warden, as the respondent. Id. at 1. He properly filed his petition with the United States District Court for the District of South Dakota—the judicial district within which he was incarcerated. Id. At the inception of his case then, this Court had jurisdiction.

But the posture of Anderson's petition has changed. As of May 10, 2024, Anderson is no longer detained within a BOP facility nor under the supervision of Respondents. Doc. 32-2 at 2; Doc. 34 ¶ 3. Instead, Respondents have advised that Anderson is serving his term of supervised release in the District of Nevada under the supervision of Deleyna Jensen, a United States Probation Officer. Doc. 34 ¶¶ 3–10. Thus, the proper respondent to Anderson's petition is likely Deleyna Jensen or the chief probation officer for the United States Probation Office for the District of Nevada. See Dohrmann, 36 F. App'x at 881.

Because Anderson's custodian—and the proper respondent to his petition—is outside the District of South Dakota, this Court has no jurisdiction. "District Courts are limited to granting habeas relief 'within their respective jurisdictions.'" Rumsfled, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). This requires "the court issuing the writ [to] have jurisdiction over the [petitioner's] custodian." Id. But as of now, Anderson is not in the custody of anyone this Court has jurisdiction over. And a "[§] 2241 petition must be adjudicated in the district court where [the petitioner] will reside and serve his term of supervised release." Sandy v. United States,

2023 U.S. App. LEXIS 2705, at *1 (3d Cir. Feb. 2, 2023). Because Anderson is on supervised release in Nevada, is being supervised by the District of Nevada's probation office, and seeks to reduce his term of supervised release, the United States District Court for the District of Nevada has exclusive jurisdiction over his petition.

In certain cases, a court may maintain jurisdiction over a habeas petition that was properly filed within its district, despite the petitioner's subsequent move to another district. Rumsfeld, 542 U.S at 440–41. But those cases depend on "an appropriate respondent with custody [over the petitioner] remain[ing] in the district" after the petitioner's departure. Copley v. Keohone, 150 F.3d 827, 830 (8th Cir. 1998) (cleaned up); see also Rivera-Perez v. Stover, No. 23-cv-1348, 2024 WL 4819250, at *5 (D. Conn. Nov. 18, 2024) (retaining jurisdiction over a § 2241 petition when petitioner was transferred to a BOP facility in another federal district). This exception depends on the district court retaining jurisdiction over the agency administering the petitioner's custody. Rumsfeld, 542 U.S at 440–41; Copley, 150 F.3d at 830. For instance, in Rivera-Perez, despite the petitioner having been moved to a BOP facility in another district, the court retained jurisdiction over his petition because a BOP facility located within its district gave the court jurisdiction over the BOP generally. Rivera-Perez, 2024 WL 4819250, at *5.

But here, the entity responsible for administering Anderson's supervised release is the United States Probation Office ("USPO") for the District of Nevada. The USPO is unlike the BOP in that the USPO is an arm of the United States District Court within the district it serves. See United States v. Murdock, 735 F.3d 106, 112 (2d Cir. 2013) ("Federal probation officers . . . are appointed by a district court of the United States to serve within the jurisdiction and under the direction of the court making the appointment." (cleaned up)). "Indeed, because 'the United States Probation Office is established pursuant to the direction of Congress as an arm of

the United States District Court, it is reasonable to view the [USPO] itself as a legally constituted arm of the judicial branch.'" United States v. Young, 910 F.3d 665, 669 (2d Cir. 2018) (quoting United States v. Reyes, 283 F.3d 446, 455 (2d Cir. 2002)). So having a USPO in the District of South Dakota does not put the District of Nevada's USPO within the reach of this Court's process.

Even if this Court did have jurisdiction over Anderson's probation officer, it has no authority to reduce his term of supervised release. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997); United States v. Mannie, 971 F.3d 1145, 1148 (10th Cir. 2020) ("In general, once a court has imposed a sentence, the court has no authority to modify that sentence."). 28 U.S.C. § 2241 does not provide such authorization. See Santovi v. United States, No. 22-2051, 2024 WL 1932683, at *2 (D. Minn. May 2, 2024) (explaining that "none of the provisions through which the court could modify" a sentence applied to petitioner's § 2241 petition). Section 2241 allows a court to correct some error or condition in the execution of a sentence, but an order under § 2241 does not actually modify the sentence the court imposed.[3] Rather, it just ensures the sentence previously imposed is carried out correctly. The statutorily authorized way to modify a condition of supervised release is through a motion made under § 3583(e). Yet, "[p]ursuant to 18 U.S.C. § 3583(e)(2) and Federal Rule of Criminal Procedure 32.1(c), the [sentencing court] has plenary jurisdiction

[3] A claim filed under "§ 2241 is appropriate for claims challenging the execution or manner in which the sentence is served." United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001); see United States v. Hatchings, 835 F.2d 185, 186–87 (8th Cir. 1987) (holding that an inmate challenging the manner, location, or conditions of a sentence's execution must pursue a petition under 28 U.S.C. § 2241); see also Singleton v. Norris, 319 F.3d 1018, 1022 (8th Cir. 2003) (same); Laliberte v. United States Prob., 650 F. App'x 625, 626 (10th Cir. 2016) (same).

to supervise a convicted defendant's release, including the jurisdiction to modify the conditions of supervised release." United States v. El-Silimy, 417 F. Supp. 2d 75, 79 (D. Me. 2006) (quoting United States v. D'Amario, 412 F.3d 253, 255 (1st Cir. 2005) (per curiam)).

Since Anderson has already been released from custody, his remaining request for relief is the application of earned time credits to reduce his term of supervised release. Doc. 4 at 8. This Court simply cannot adjudicate that request for relief because it lacks jurisdiction. The District Court for the District of Nevada, as the court that sentenced Anderson, retains jurisdiction over his supervised release. As 18 U.S.C. § 3583(e) states, "only the sentencing court has the authority to modify [a] term of supervised release." Burkey v. Murberry, 556 F.3d 142, 146 n.3 (3d Cir. 2009); see also Arrington v. Bledsoe, 497 F. App'x 176, 179 n.2 (3d Cir. 2012) (same); United States v. Herman, 971 F.3d 784, 786 (8th Cir. 2020) (explaining how the statute's use of "The Court" means the sentencing court).

Because this Court lacks jurisdiction over Anderson's current custodian and has no authority to reduce his term of supervised release, it must dismiss his petition. But it does so without prejudice so Anderson may refile his petition with the District of Nevada, or file with his sentencing court a motion to reduce his term of supervised release under 18 U.S.C. § 3583(e).

**B. Other Pending Motions**

Anderson also filed several other motions while his habeas petition was pending. This Court addresses each motion below.

**1. Motion for Order to Show Cause**

Shortly after he petitioned for a writ of habeas corpus, Anderson moved for an order to show cause. Doc. 6. At base, the motion presents arguments repetitious to those asserted in his

§ 2241 petition. Compare id. with Doc. 4 at 6–8. Thus, for the reasons explained above, Anderson's Motion for Order to Show Cause shall be denied.

**2. Motion for Temporary Restraining Order**

Anderson moved for a temporary restraining order against Respondent Kortan, "Unit Manager Sasha Labrenz, and the North Region (Department of Sentencing & Computation)" to guard against "retaliation, further due process violations[,] and interference with this legal process." Doc. 12 at 1. Anderson claims they withheld BOP responses to his administrative appeal and removed earned time credits from his sentence computation to prevent his release or transfer to a residential reentry center ("RRC"). Id. at 1–3.

Anderson's motion for a TRO is moot. "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). For a case or controversy to exist, the "parties must continue to have a 'personal stake in the outcome' of the lawsuit." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477–78). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir. 2000) (quoting Beck v. Mo. State High Sch. Activities Ass'n, 18 F.3d 604, 605 (8th Cir. 1994)). "If an issue is moot in the Article III sense, [the court has] no discretion and must dismiss the action for lack of jurisdiction." Ali v. Cangemi, 419 F.3d 722, 723–24 (8th Cir. 2005); see also Lewis, 494 U.S. at 477–78. A case or controversy ceases to exist "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).

Because Anderson was released from FPC Yankton and is no longer in BOP custody, a TRO from this Court would no longer provide the relief he requests. Thus, Anderson's motion for a TRO is denied as moot.

**3. Motion for Permission to Challenge Proceedings**

The last motion pending in Anderson's file is a motion for permission to challenge proceedings. Doc. 27. This motion seeks to add FPC "Correctional staff member Ms. Zachariah" as a respondent to his habeas petition and add a claim challenging extradition based on a detainer from the State of California. See id.

By way of background, Anderson qualified for and enrolled in the Residential Drug Abuse Program ("RDAP") while in custody at FPC Yankton. Doc. 16 ¶ 14. RDAP consists of two parts: a unit-based component and a community-based component. Id. ¶ 4. Inmates who successfully finish the unit-based component may, if eligible, proceed to the community-based component, at either a RRC or a half-way house. Id. Inmates must complete both components to successfully finish RDAP. Id. An inmate that completes RDAP is eligible to have his or her term of incarceration reduced by up to one year. Id.

Anderson did not finish RDAP because the BOP found him to be ineligible for transfer to an RRC or half-way house to complete the community-based component. Id. ¶ 15. The BOP has a policy against placing inmates with a detainer or other condition, such as unresolved pending charges, in an RRC or halfway house. Id.; see P.S. 5331.02 Early Release Procedures Under 18 U.S.C. § 3621(e) at 5; P.S. 7310.04 Community Corrections Center Utilization and

Transfer Procedures at 11.[4] And at the time, Anderson had an outstanding arrest warrant and pending charges from the State of California. Doc. 16 ¶ 16.

Along with reiterating Claims 1 and 3 of his habeas petition, Anderson's motion appears to contest the validity of California's detainer and the BOP's authority to extradite him. Doc. 27. But this Court need not to address the motion's merits. The BOP never extradited Anderson, he is no longer in their custody, and the State of California dismissed his detainer and unresolved charges. Doc. 34 ¶ 12. This motion is therefore moot.

**III. Conclusion**

For the above reasons, it is

ORDERED that Anderson's Amended Petition for Writ of Habeas Corpus, Doc. 4, is dismissed without prejudice for lack of jurisdiction. It is further

ORDERED that Anderson's Motion for Order to Show Cause, Doc. 6; Motion for Temporary Restraining Order, Doc. 12; and Motion for Permission to Challenge Proceeding, Doc. 27; are denied as moot.

DATED this 6th day of February, 2025.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

[4] It appears these policies are no longer available for public access because of the Executive Order on "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government." https://www.bop.gov/policy/progstat/5331.02.pdf.